IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY GLENN BULLOCK, | § | |
| TDCJ #546143, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0187 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Bobby Glenn Bullock is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a petition under 28 U.S.C. § 2254, seeking federal habeas corpus relief from a state court conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** without prejudice for reasons set forth below.

### I.  PROCEDURAL HISTORY

Bullock purports to challenge a conviction that he received in Houston, Texas, for an undisclosed offense, which resulted in a twenty-five year prison sentence. As with other petitions that he has filed previously in this district, Bullock's allegations are rambling, incoherent, and difficult to decipher. Records on file with the Court reflect that Bullock was convicted by a jury in the 248th District Court of Harris County, Texas, and sentenced as a habitual offender to serve twenty-five years' imprisonment for possession of cocaine in cause

number 538637. That conviction was affirmed on direct appeal. *See Bullock v. State*, No. 01-90-00358-CR, 1991 WL 44916 (Tex. App.—Houston [1st Dist.] April 4, 1991). He remains in custody at the Stiles Unit in Beaumont.

Bullock has sought federal habeas corpus relief from this conviction before. Bullock filed an initial petition on July 17, 1995, which was dismissed without prejudice for failure to exhaust state court remedies. *See Bullock v. Scott*, No. H-95-4184 (S.D. Tex. Feb. 23, 1996). Bullock filed a subsequent petition on June 29, 1998, which was dismissed as barred by the governing statute of limitations. *See Bullock v. Johnson*, H-98-2095 (S.D. Tex. Jan. 25, 1999). Bullock filed another petition on April 13, 2001, which was dismissed as a successive writ. *See Bullock v. Cockrell*, H-01-1257 (S.D. Tex. Jan. 3, 2002). Another habeas corpus petition filed by Bullock on January 3, 2002, was dismissed without prejudice as abusive. *See Bullock v. Cockrell*, H-02-0057 (S.D. Tex. Jan. 14, 2002). For reasons discussed below, Bullock's petition is also subject to dismissal because it is successive.

**II.    DISCUSSION**

The pending federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), codified as amended at 28 U.S.C. § 2244(b). This portion of the AEDPA was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). Before a second or successive application is filed in the district court, the applicant must

move in the appropriate court of appeals for an order authorizing the district court to consider the application. *Id.* § 2244(b)(3)(A).

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Bullock alleges that the charges filed against him were "false," but he fails to otherwise articulate any cognizable claim in his petition, much less a claim that could not have been presented previously. Therefore, the Court concludes that the pending petition in this case meets the "second or successive" criteria. Alternatively, the pending petition is an abuse of the writ.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is a successive application prohibited by the AEDPA's amendments, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The petitioner has not presented the requisite

authorization. Because he has not shown any authorization from the Fifth Circuit, this Court lacks jurisdiction over his claims. *Id.* at 775. Accordingly, his petition must be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is shown.

### III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

### IV.   CONCLUSION

Because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. This federal habeas corpus proceeding is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 2244(b) because the petition is successive.

2. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on **January 31, 2006.**

_____
Nancy F. Atlas
United States District Judge